UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALFRED LINEAR, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0688 WL |
| | ) | |
| WILLIAM MARTIN, | ) | |
| | ) | |
| Respondent. | ) | |

## *OPINION AND ORDER*

Petitioner Alfred Linear, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The respondent asserts that the petitioner did not file his petition within the one-year statute of limitations established by 28 U.S.C.§ 2244(b) and moves for relief from the court's order to produce the full state court record.

The petitioner was convicted of murder and attempted murder in the Lake Superior Court on April 16, 1996, and was sentenced to concurrent forty-five and thirty year sentences. The petitioner appealed to the Court of Appeals of Indiana, which affirmed his convictions on August 13, 1998. The Indiana Supreme Court denied transfer on October 7, 1998. The petitioner filed a petition for post-conviction relief on March 18, 1999, but voluntarily withdrew it on September 7, 2000. The petitioner "reactivated" his post-conviction relief petition on December 4, 2002, but withdrew it again on January 22, 2003. He again "reactivated" his petition for post-conviction relief on March 10, 2003, and the trial court denied relief on June 24, 2005. The Indiana Court of Appeals affirmed the trial

court's denial of relief on July 6, 2006, and the Indiana Supreme Court denied transfer on August 31, 2006. The petitioner then filed his petition for writ of habeas corpus.

This petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, which imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. 28 U.S.C. §2244(d). Section 2244(d)(1) provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for filing a petition for writ of certiorari to the United States Supreme Court has passed. *Griffith v. Kentucky*, 479 U.S. 413, 321 n. 3 (1987). Accordingly, the petitioner's conviction became final on January 5, 1999, the last date upon which he could have filed a petition for *certiorari* to the United States

Supreme Court. The statute of limitations expired a year from that date unless one of the other predicates listed in Section 2244(d)(1) provided a later date for the conviction becoming final or the statute was tolled by a subsequent state court proceeding. The petitioner does not suggest that he was unable to raise the claims set forth in his petition because of any impediment created by the state, that his claims are founded on new law retroactively applied to cases on collateral review, or that the factual predicates for his claims could not have been discovered by the exercise of due diligence.

The petitioner filed his petition for post-conviction relief on March 18, 1999, which tolled the statute of limitations until he withdrew it on September 7, 2000. He "reactivated" his petition for post-conviction relief on December 4, 2002. But by that time, the statute of limitations had already expired. The petitioner accumulated 72 days toward the statue of limitations before he filed his petition for post-conviction relief on March 18, 1999. When he withdrew his petition for post-conviction relief on September 7, 2000, the statute of limitations then resumed running. The statute of limitations expired on June 26, 2001, several months before he "reactivated" his petition for post-conviction relief.

For the foregoing reasons, the court **GRANTS** the respondent's motion for relief from order (docket #12), and **DENIES** this petition pursuant to 28 U.S.C. §2244(d).

SO ORDERED.

ENTERED: April 16 , 2007

                                       s/William C. Lee
                                       William C. Lee, Judge
                                       United States District Court